23918

The STATE, Respondent v. Timothy Lynn HUNTER, Appellant.

(437 S.E. (2d) 41)

Supreme Court

*Marvin E. McMillan, Jr., Weinberg, Brown, McDougall & McMillan,* Sumter, *for appellant.*

*Terrell T. Horne, Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for respondent.*

Submitted May 5, 1993.

Decided Aug. 9, 1993.

*Per Curiam:*

Appellant's motion to disqualify the prosecutor for the City of Sumter was denied by the municipal court. The circuit court affirmed the ruling and appellant now appeals. We find no error in the decision of the municipal court.

Appellant was arrested for driving under the influence and requested a jury trial in municipal court. The attorney assigned to prosecute the case is the prosecutor for the City of Sumter as well as the legal advisor for the City of Sumter Police Department. Appellant contends that the prosecutor is violating Rule 3.8 of the Rules of Professional Conduct,[1] S.C. Code Ann. § 17-1-20 (1985), and the due process clause of the United States Constitution by serving in both capacities. We disagree.

---

[1] Rule 407, SCACR.

Rule 3.8 of the Rules of Professional Conduct sets forth the special responsibilities of a prosecutor. Appellant has failed to show how the prosecutor's duties to give legal advice to the city police department and to represent the city in cases brought as a result of the actions of that police department violate this rule.

South Carolina Code Ann. § 17-1-20 (1985) provides, "[n]o prosecuting officer shall receive any fee or reward from or in behalf of a prosecutor for services in any prosecution or business to which it is his official business to attend, nor be concerned as counsel or attorney for either party in a civil action depending upon the same state of facts." This section is inapplicable since there is no allegation that the prosecutor is receiving any compensation from another source for prosecuting this case nor is there any other litigation pending which would cause a conflict in the prosecutor's duties.

As to the alleged due process violation, prosecutors are not required to be entirely "neutral and detached." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed. (2d) 182 (1980). The fact that the prosecutor advises the police department in matters which may ultimately be prosecuted does not create any type of conflict in the duties of the prosecutor's office. Therefore, no due process violation exists.

Accordingly, the order of the circuit court upholding the municipal court's denial of appellant's motion to disqualify the prosecutor is

Affirmed.